UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

In re:                              :          (Chapter 11)

VENTURE MORTGAGE FUND, L.P.,        : Case No. 96 B 45033(SMB)

          Debtors.                  :

----------------------------------x

## AMENDED RESPONSE TO TRUSTEE'S MOTION SEEKING RECLASSIFICATION OF PROOFS OF CLAIM

Claimants Willy Weisner, Saul Rosenberg, Yale Brokerage

Pension Plan, Jules Nordlicht, Mark Nordlicht, Ora Nordlicht

and Kenneth Nordlicht (collectively, "Claimants"), by their

attorneys, Feinzeig & Jaskiel, hereby oppose the relief

requested by John F. Schmutz, Chapter 11 trustee (the

"Trustee") of the Debtor Venture Mortgage Fund, L.P.

("VMFLP")and in support of their opposition, state the

following:

1.   The Trustee seeks to reclassify Claimants' proofs

of claim as proofs of interests.  Claimants believe that

although they were "sold" limited partnership interests,

U.S. BANKRUPTCY COURT
FILED
SEP 15 '99

additionally, they have claims as creditors of the estate.

2.    Claimants assert that they were defrauded by Schick both in the initial investment and in the retention of the investment.  Recent testimony by Schick has revealed that the funds invested by the limited partners was rarely used by Schick to purchase assets for the Debtor, that the funds were immediately diverted by Schick, that they were rarely, if ever, deposited into the Debtor's account and that Schick was sending false auditors reports to the "limited partners".

3.    Schick kept inadequate books and records and mislead auditors of the Debtor.  Schick commingled his own funds with the funds of other investors and the funds of the Debtor.  The K-1's sent by the Schick were a sham.

4.    Claimants are aware of this Courts decision in In re Granite Partners, L.P., 208 B.R. 332 (Bankr S.D.N.Y. 1997).  To the extent the decision subordinates claims of retention fraud, we believe the case was wrongly decided.

5.    Many of the facts relating to the operation of the Debtor are in the hands of the Trustee and David Schick.

Discovery is necessary to ascertain the facts needed to oppose the motion.

6.   By Notice of Motion, dated September 8, 1999, Official Committee of Unsecured Creditors of the David Schick estate moved to substantively consolidate this estate with the David Schick estate. Claimants did not file a claim in the Schick estate for the fraud perpetrated upon them by Schick in inducing them to make and retain their investment in VMFLP.[1] However, if the estates are consolidated, claims filed in the VMFLP estate will be treated as if they were filed in the Schick estate and Claimants will be able to share in the recovery of all creditors. For that reason alone, the claim Claimants filed

---

[1]

Jules Nordlicht, Willy Weisner, Saul Rosenberg and Yale Brokerage Pension Plan filed claims in the Schick estate for other monies they invested with Schick.

in the VMFLP estate should remain undisturbed until the
motion to consolidate is resolved.


Dated:    New York, New York
          September 14, 1999   FEINZEIG & JASKIEL


                          By:_____
                             SOLOMON J. JASKIEL (SJJ-0671)
                             275 Madison Avenue
                             11th Floor
                             New York, New York 10016
                             (212) 370-5900

## AFFIRMATION OF SERVICE

SOLOMON J. JASKIEL, an attorney admitted to the Bar of the State of New York, states, under the penalty of perjury, as follows:

1.    I am over 18 years of age and not a party to the above entitled proceeding.

2.    On September 14, 1999, I telecopied a copy of the annexed Amended Response to Trustee's Motion Seeking Reclassification of Proofs of Claim to:

Curtis Mallet
Attn:    Eliot Lauer, Esq. at   697-1550

DATED:    New York, New York
          September 14, 1999

_____
SOLOMON J. JASKIEL